UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:06-cr-8-17-LJM-DKL |
| WILLIAM S. PERRY, | ) ) | |
| Defendant. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the October 5, 2012 Order entered by the Honorable Larry J. McKinney designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on October 4, 2012. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 9, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 31, 2012, William S. Perry ("Perry") appeared in person with appointed counsel, Gwendolyn Beitz and Joe Cleary. The government appeared by Josh Minkler, Assistant United States Attorney. U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

1. Perry was re-advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. Perry stipulated that he committed Violations 1 through 6, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on October 4, 2012 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 4 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
| 5 | **"The defendant shall support his or her dependents and meet other family responsibilities."** |

From as early as March 2010 to August 2011, William "Reggie" Perry was consistently prescribed Hydrocodone. From August 2011 to January 2012, he was consistently prescribed Oxycodone.

On February 1, 2012, a search was conducted at Perry's residence. The residence, known to be occupied by children, was littered with trash strewn across the floor, mouse feces, dog feces, rotten food, and bugs. The case was referred to Child Protective Services for further investigation.

A search of his person revealed he was in possession of $305 cash (a five dollar bill and three one-hundred dollar bills). During a search of the residence, officers discovered a box of 500 .22 caliber long rifle bullets. When questioned, Perry admitted he is an opiate

>   addict and was taking Oxycodone in quantities higher than the prescribed doses. He also admitted taking Hydrocodone without a prescription after purchasing individual pills from various drug dealers. Perry admitted between August 2011 and January 2012, he occasionally purchased opiate-based pills from dealers for various individuals after being "fronted" money from these individuals. He admitted selling and giving away opiate-based pills to other individuals at various times in December 2011. As of this date, no state charges have been filed against the offender.
>
>   Dealing in a schedule II controlled substance (Oxycodone) is a Class B felony, pursuant to Indiana Code 35-48-4-1(a). Dealing in a schedule III controlled substance (Hydrocodone) is a Class B felony, pursuant to Indiana Code 35-48-4-2(a). Neglect of a Dependent is a Class D felony, pursuant to Indiana Code 35-46-1-4. Possession of ammunition by a convicted felon is a violation of 18 U.S.C. § 922(g).
>
>   This conduct was previously reported to the Court on February 27, 2012.

>   **6**   **"The defendant shall reside for a period of six months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**
>
>   On February 29, 2012, in response to the noncompliance alleged in counts 1-5, the Court ordered the defendant to serve six months at a RRC. On September 27, 2012, this officer was notified by RRC staff that Mr. Perry was being terminated based on unapproved travel to undisclosed destinations and failing to report prescription medications. Since beginning his RRC term on May 11, 2012, he filled five, 120-count Oxycodone and four, 60-count clonazepam prescriptions. The offender did not report the prescriptions, or his travels to the pharmacies, to RRC staff.
>
>   It is noted the defendant was tested on numerous occasions during the time he was prescribed these pills and only tested positive for opiate use once, on August 9, 2012. When questioned, he was unable to provide any explanation as to how he was prescribed the large volume of opiates, but only tested positive once.

3. The highest grade of Violation (Violation 1) is alleged as a Grade A violation, pursuant to U.S.S.G. § 7B1.1(a)(2).

4. Perry's criminal history category is I.

5. The term of imprisonment applicable upon revocation of Perry's supervised release, therefore, is 24-30 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

6. The parties agreed that revocation and a term of imprisonment of 24 months with no supervised release to follow was an appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, William S. Perry, violated the above-delineated condition in the Petition.

The Magistrate Judge recommends that Mr. Perry's supervised release be **REVOKED** and he be sentenced to the custody of the Attorney General or his designee for a period of 24 months, with no supervised release to follow.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Perry's supervised release and imposing a sentence of imprisonment of 24 months in the custody of the Attorney General or his designee with no supervised release to follow.

**IT IS SO RECOMMENDED** this 6th day of November, 2012.

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Josh J. Minkler
Assistant United States Attorney

Joe Cleary
Gwendolyn Beitz
Indiana Community Federal Defender
gwendolyn_beitz@fd.org

U. S. Parole and Probation

U. S. Marshal